UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21866-Civ-COOKE/GOODMAN

DHL GLOBAL FORWARDING
(CHINA) CO., LTD., *et al.*,

      Plaintiffs,

vs.

LAN CARGO, S.A., *et al.*,

      Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    THIS MATTER is before me upon Defendant China Airlines, Ltd.'s Motion to Dismiss, which that Defendant filed in state court before removing the matter to this Court. ECF No. 1-2, at p. 58 *et seq.* Plaintiffs' claims against China Airlines were later dismissed. ECF Nos. 52, 60. Before that happened, however, Defendants Lan Cargo, S.A., Latam Airlines Group, S.A., and Prime Airport Services, Inc. ("LAN Defendants"), joined in that part of China Airlines' motion that sought dismissal of Count VI of the Complaint. ECF Nos. 5, 11. Accordingly, the motion to dismiss Count VI remains pending despite China Airlines' departure from this case. The motion is fully briefed and ripe for review.

**I. BACKGROUND**

    This case concerns a stolen shipment of some 23,260 Apple iPhones. ECF No. 1-2, at p. 9. Plaintiffs are two shipping companies and their insurer. *Id.* at pp. 5–7. Former Defendant China Airlines was the air carrier responsible for moving the iPhones from China to the United States, while the LAN Defendants are three "provider[s] of logistics services and bailee[s] of merchandise for hire." *Id.* at pp. 7–8. Plaintiffs' Complaint alleges that the iPhones were stolen from the LAN Defendants' temporary storage facility in South Florida on or about April 2, 2016. *Id.* at p. 9. The Complaint contains six counts, consisting mostly of standard breach-of-contract and negligence claims. *Id.* at pp. 9–15. Counts I and VI, the outliers, are the counts at issue in the instant motion.

Count I of the Complaint is labeled "Breach of Contract – Montreal Convention (All Defendants)." *Id.* at p. 9. The count alleges that "China Airlines breached [its] contract of carriage by failing to deliver the cargo . . . in violation of the Montreal Convention, to the extent the Montreal Convention is applicable to the instant facts." *Id.* at p. 10. The count further alleges that, "[t]o the extent that the LAN Defendants were acting solely as agent for China Airlines at the time of the subject loss, the LAN Defendants are further liable for breach of their obligations under the Montreal Convention[,] to the extent the Montreal Convention is applicable to the instant facts." *Id.* at p. 10.

Count VI, meanwhile, is labeled "Declaratory Judgment – All Defendants." *Id.* at p. 14. Pursuant to Section 86.011 of the Florida Statutes, the count "seek[s] a declaration regarding: a) Whether the subject loss took place during transportation by air; [and] b) Whether any claimed limitations of liability are invalid because of: i) Defendants' failure to comply with governing law; ii) the gross negligence, material deviation, or reckless misconduct on the part of some or all of the Defendants; [or] iii) a failure to take all reasonable measures to prevent the subject loss." *Id.* at pp. 14–15.

On the last day this case was in state court, China Airlines moved to dismiss Count VI.[1] *Id.* at p. 64 *et seq.* As relevant here, China Airlines noted that "Plaintiffs seek declaratory judgment [under Count VI] to determine (1) whether a loss took place during transportation by air, and (2) whether the limitations of liability contained within the Montreal Convention apply." *Id.* at p. 70. "In other words," China Airlines argued, "Plaintiffs seek declaratory relief on the exact issues to be determined . . . under Plaintiffs' Count I Breach of Contract claim," and Count VI should therefore be dismissed as duplicative. *Id.* at pp. 70–71.

In response, Plaintiffs posit that "[i]t is neither uncommon[] nor impermissible to combine Convention claims with [declaratory] actions." ECF No. 9, at p. 13. Plaintiffs argue that "whether the subject loss took place during transportation by air"—the first "portion" of the declaratory relief they seek—"does not go to the substantive determination of liability or damages on a breach of contract or negligence claim." *Id.* at p. 14. Plaintiffs likewise argue that a declaration regarding "the invalidity of limitations of liability" is "separate from a determination of liability itself." *Id.*

---

[1] China Airlines also moved to dismiss Counts II and V, but that part of the motion has been rendered moot by the dismissal of Plaintiffs' claims against China Airlines.

2

## II. LEGAL STANDARDS

### A. The Montreal Convention

"The Montreal Convention 'sets forth uniform rules for claims that arise out of incidents that occur during international air transportation.'" *Benjamin v. Am. Airlines, Inc.*, 32 F. Supp. 3d 1309, 1314–15 (S.D. Ga. 2014) (quoting *Marotte v. Am. Airlines, Inc.*, 296 F.3d 1255, 1258–59 (11th Cir. 2002)). Article 18 of the Convention establishes liability for air carriers "in the event of the destruction or loss of, or damage to, cargo," while Article 22 sets caps on the amounts of such liability. Convention for the Unification of Certain Rules for International Carriage by Air arts. 18(1), 22, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350.[2]

Importantly, "[t]he Convention, and thus Article 22's limitation of liability, applies only to cargo damaged during 'carriage by air.'" *Underwriters at Lloyds Subscribing to Cover Note B0753PC1308275000 v. Expeditors Korea Ltd.*, 882 F.3d 1033, 1036 (11th Cir. 2018). Moreover, Article 22's limitations do "not apply if it is proved that the damage resulted from an act or omission of the carrier, [or] its servants or agents [acting within the scope of their employment], done with intent to cause damage or recklessly and with knowledge that damage would probably result[.]" Convention art. 22(5).

### B. Declaratory Judgment

Under Section 86.011 of the Florida Statutes, "[t]he circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Fla. Stat. § 86.011. The federal Declaratory Judgment Act similarly provides, with certain exceptions not relevant here, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The federal Act thus "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Se. Distributors, Inc. v. United Specialty Ins. Co.*, 2017 WL 960300, at *5 (S.D. Fla. Mar. 13, 2017) (quoting *Wilton v. Seven Falls Co.*, 515

---

[2] Hereinafter, the Convention is cited to as "Convention" followed by the relevant article number.

U.S. 277, 286 (1995)). However, "a court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court." *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012); *see also Se. Distributors*, 2017 WL 960300, at *6 (noting that "several courts in this district have dismissed claims seeking a declaratory judgment when the relief sought . . . is duplicative of or subsumed by the claims advanced in other counts").

### III. DISCUSSION

As an initial matter, the Court notes that "[o]nce this case was removed to federal court, the federal . . . rather than state rules of procedure became applicable." *Reed v. Club XM, Inc.*, 2014 WL 12722863, at *2 n.2 (M.D. Fla. May 6, 2014), *aff'd sub nom. Reed v. Clough*, 694 F. App'x 716 (11th Cir. 2017); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). "As such, Rule 12(b)(6) of the Federal Rules of Civil Procedure, not Rule 1.140 of the Florida Rules of Civil Procedure, provides the pertinent standard" for the instant motion. *Reed*, 2014 WL 12722863, at *2 n.2. The Parties appear to recognize this, although they have not briefed the issue. *See, e.g.*, ECF No. 9, at p. 4 (Plaintiffs arguing against dismissal under Rule 12(b)(6)).

Similarly, although Count VI of the Complaint is brought under Section 86.011 of the Florida Statutes, ECF No. 1-2, at p. 14, "many federal courts in Florida have declined to apply Florida's Declaratory Judgment Act—declaring it to be procedural only—and have instead applied the Federal Declaratory Judgment Act." *Se. Distributors*, 2017 WL 960300, at *5 n.3. On the other hand, the Florida Statutes themselves state that the statutes "contained in Chapter 86[] are substantive." *Id.* (citing Fla. Stat. § 86.101). Once again, the Parties have not briefed this issue. It appears, however, that "[f]or purposes of the instant dispute . . . the differences between the Federal Declaratory Judgment Act and Florida's Declaratory Judgment Act are not material." *Se. Distributors*, 2017 WL 960300, at *5 n.3.

Turning to the merits, Plaintiffs take two somewhat contradictory approaches in arguing against dismissal of Count VI. First, they contend that "[i]t is neither uncommon[] nor impermissible to combine Convention claims with [declaratory] actions." ECF No. 9, at p. 13. The cases that Plaintiffs cite, however, come nowhere near to establishing that point. In *Chirwa*, for instance, the district court granted summary judgment *against* the plaintiff, while expressly declining to address his request for declaratory judgment regarding liability

4

limitations under the Warsaw Convention. *Chirwa v. S. African Airways*, 2006 WL 8432351, at *1, *7 (N.D. Ga. June 6, 2006).

Meanwhile, in *Running Bear Farms*, the plaintiff made its request for declaratory relief not in a count of the complaint, but in a "motion for a declaratory judgment," which the court granted without any discussion of the redundancy issue presented here. *Running Bear Farms, Inc. v. Expeditors Int'l of Washington, Inc.*, 2001 WL 102515, at *9 (S.D. Ohio Feb. 1, 2001). The third and final case that Plaintiffs cite is *Ministerio Evangelistico*, which clearly states that "[a] trial court should *not* entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, 2017 WL 1363344, at *7 (S.D. Fla. Apr. 5, 2017) (emphasis added).

Plaintiffs' second approach, then, is to abandon their characterization of Count I as a "Convention claim[]" and recast it as a "breach of contract or negligence claim." ECF No. 9, at pp. 13–14. Plaintiffs argue that such a run-of-the-mill claim has no connection to the special relief sought under Count VI—namely, a declaration that the loss of the iPhones occurred during "transportation by air"[3] and that "any claimed limitations of liability are invalid." ECF No. 1-2, at pp. 14–15; *see also, e.g.*, ECF No. 9, at p. 14 (arguing that whether the loss took place during carriage by air "does not go to the substantive determination of liability or damages on a breach of contract or negligence claim").

There are several problems with this. First, Count I is not a negligence claim. Rather, Count I is labeled "Breach of Contract – Montreal Convention (All Defendants)." ECF No. 1-2, at p. 9. Moreover, despite the hybrid label, it is clear that Count I is not a breach-of-contract claim either, but a claim under the Montreal Convention. Indeed, the Complaint already contains two counts that are simply labeled "Breach of Contract"— those are Count II (against China Airlines) and Count III (against the LAN Defendants). *Id.* at pp. 10–11. It is only under Count I that Plaintiffs allege that China Airlines' breach was "in violation of the Montreal Convention." *Id.* at p. 10.

---

[3] The Court notes the apparent tension between this claim and Plaintiffs' assertion that the iPhones were "stolen from the LAN Defendant's facility" after they "arrived in Miami," ECF No. 1-2, at p. 9, but the Court also recognizes that "the Convention reaches further than literal air transit." *Underwriters at Lloyds*, 882 F.3d at 1036.

With respect to the LAN Defendants (the only Defendants remaining), the situation is even clearer. Count I does not contain any allegation that the LAN Defendants breached a contractual obligation at all. *Cf. id.* at pp. 11–12 (Count III, alleging the LAN Defendants "breached their contractual obligations," which were embodied in a "Memorandum of Understanding outlining Standard Operating Procedures"). Rather, Count I states only that "the LAN Defendants are further liable for breach of their obligations *under the Montreal Convention*." *Id.* at p. 10 (emphasis added). In short, Count I is not a "breach of contract or negligence claim" but a claim under the Montreal Convention.

Finally, just as Plaintiffs attempt to obscure the nature of their claim under Count I, they also avoid stating the purpose for which they seek declaratory relief under Count VI. The latter count seeks a declaration as to "a) Whether the subject loss took place during transportation by air; [and] b) Whether any claimed limitations of liability are invalid" for an assortment of reasons, including "reckless misconduct." ECF No. 1-2, at pp. 14–15. As noted, Defendants insist that such a declaration would have no bearing "on a breach of contract or negligence claim." ECF No. 9, at p. 14. But Defendants fail to acknowledge that such a declaration *would* have a direct bearing on a claim under the Montreal Convention. *See Underwriters at Lloyds*, 882 F.3d at 1036 ("The Convention . . . applies only to cargo damaged during 'carriage by air."); Convention art. 22(5) (liability limitations do not apply where, *inter alia*, damage to cargo was caused "recklessly").

In sum, Count I is a claim for relief under the Montreal Convention, and Count VI seeks a declaration that Plaintiffs are entitled to relief under the Montreal Convention. The declaration claim under Count VI is "subsumed" and rendered "superfluous" by the claim under Count I, *Se. Distributors*, 2017 WL 960300, at *6, and the motion to dismiss Count VI must therefore be **GRANTED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 31st day of May 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*